UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT and SHANNON SIMPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HAMILTON BEACH BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW Plaintiffs, Robert and Shannon Simpson, by and through undersigned counsel, Brown & James, P.C., and for their cause of action against Hamilton Beach Brands, state:

1. Plaintiffs, Robert and Shannon Simpson (hereinafter "the Simpsons"), are residents of the State of Missouri, and at all times mentioned herein resided at 1784 East Highway 32 in Salem, Missouri.

2. Plaintiffs were the owners of a Hamilton Beach 22145B 2-slice, extra wide slot toaster (hereinafter "the toaster").

3. Defendant, Hamilton Beach Brands (hereinafter "Defendant"), is a foreign corporation organized and incorporated in Virginia.  Defendant is in the business of, among other things, designing, manufacturing, assembling, selling and/or distributing toasters.  Defendant systematically and continually transacts significant business in the State of Missouri.  Defendant manufactured and sold the toaster to Plaintiffs.

4. On February 1, 2009, the toaster caused a fire and damaged the Simpsons' property.

## COUNT I – STRICT LIABILITY

5. The Simpsons incorporate herein by reference the allegations contained in Paragraphs 1 through 4 as if fully set forth herein.

6. The toaster was designed, manufactured, assembled, sold and/or distributed by Defendant, which sells such items in the regular course of its business, and was expected to and did reach the Simpsons without substantial change in the condition in which it was designed, manufactured, assembled, sold and/or distributed to the Simpsons.

7. The toaster was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, in that they were designed, manufactured, assembled, sold and/or distributed by Defendant with defects.

8. The toaster was used in a manner reasonably anticipated.

9. The Simpsons were damaged as a direct and proximate result of such defective and unreasonably dangerous condition as existed when the toaster was designed, manufactured, assembled, sold and/or distributed, causing significant property damage.

WHEREFORE, the Simpsons pray for damages against Defendant in an amount in excess of $75,000, together with costs, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II – STRICT LIABILITY - FAILURE TO WARN

10. The Simpsons incorporate herein by reference the allegations contained in Paragraphs 1 through 9 as if fully set forth herein.

11. The toaster was designed, manufactured, assembled, sold and/or distributed by Defendant, which sells such items in the regular course of its business, and was expected to and did

reach the Simpsons without substantial change in the condition in which it was designed, manufactured, assembled, sold and/or distributed.

12.     The toaster was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, in that it was designed, manufactured, assembled, sold and/or distributed by Defendant with defects.

13.     Defendant did not give an adequate warning of the danger and defect herein described.

14.     The toaster was used in a manner reasonably anticipated.

15.     The Simpsons' property was significantly damaged as a direct and proximate result of Defendant's failure to warn of the defective and unreasonably dangerous condition as existed when the toaster was designed, manufactured, assembled, sold and/or distributed.

WHEREFORE, the Simpsons pray for damages against Defendant in an amount in excess of $75,000, together with costs, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT III – BREACH OF EXPRESS WARRANTY

16.     The Simpsons incorporate herein by reference the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17.     The toaster was designed, manufactured, assembled, sold and/or distributed into the stream of commerce by Defendant in the regular course of business, and was expected to and did reach the Simpsons without substantial change in the condition in which it was designed, manufactured, assembled, sold and/or distributed.

18.     Defendant expressly and impliedly represented to the Simpsons that the toaster was in good working order, fit for use as a toaster, and safe for normal operation.

19. The aforesaid representations were material factors in inducing the Simpsons to buy the toaster.

20. The toaster did not conform to the aforesaid representations, in that it was defective and non-conforming to the warranty.

21. The aforesaid non-conformities caused the toaster to catch fire and burn, causing substantial damage to the Simpsons' property, so that the Simpsons were not able to use the toaster in a reasonably anticipated manner.

22. Plaintiffs notified Defendant of said non-conformities within a reasonable time.

WHEREFORE, the Simpsons pray for damages against Defendant in an amount in excess of $75,000, together with costs, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

## **COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

23. The Simpsons incorporate herein by reference the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24. Defendant designed, manufactured, assembled, sold and/or distributed the toaster to the Simpsons in the process of its usual and customary business.

25. When Defendant designed, manufactured, assembled, sold and/or distributed the toaster, it was not fit for its ordinary purpose because the toaster was defective.

26. The Simpsons used said toaster for its ordinary purpose, and gave Defendant notice that it was not fit for ordinary purposes.

27. As a result of the toaster not being fit for its ordinary purpose, the Simpsons suffered significant property damage.

WHEREFORE, the Simpsons pray for damages against Defendant in an amount in excess of $75,000, together with costs, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

### COUNT V - PRODUCTS LIABILITY NEGLIGENCE

28. The Simpsons incorporate herein by reference the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29. Defendant owed the Simpsons a duty to design, manufacture, assemble, sell and/or distribute the toaster free of defects and safe for its anticipated use.

30. Defendant failed to use ordinary care in the design, manufacture, assembly, sale and/or distribution of the toaster, thereby breaching its duty.

31. As a direct and proximate result of Defendant's negligence, the Simpsons suffered significant property damage.

WHEREFORE, the Simpsons pray for damages against Defendant in an amount in excess of $75,000, together with costs, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

### COUNT V - VIOLATION OF MAGNUSON MOSS

32. The Simpsons incorporate herein by reference the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. The toaster is a consumer product in that it is a tangible personal property used for personal purpose distributed in commerce.

34. Defendant is the warrantor of the toaster, in that it is a supplier or other person who gives and/or offers to give a written warranty and/or an implied warranty.

35. Defendant did not meet the conditions of the express and/or implied warranty, in that the toaster did not conform to the representations by Defendant that it was fit for use as a toaster because it was designed, manufactured, assembled, sold, distributed, and/or introduced into the stream of commerce by Defendant defective and susceptible to failure.

36. The Simpsons notified Defendant of the defective condition of the toaster.

37. As a result of Defendant's breach of the express and/or implied warranty, the Simpsons suffered significant damage, pursuant to 15 U.S.C. § 2301, et seq.

WHEREFORE, the Simpsons pray for damages against Defendant in an amount in excess of $75,000, together with costs, pre and post judgment interest, and attorneys' fees; and for such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ Robert W. Cockerham
Robert W. Cockerham, #2832
Michael D. Cerulo #518510
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (Facsimile)
*Attorneys for Plaintiffs*

8615895